IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:09cr145 |
| | § | |
| MARCUS CHOICE WILLIAMS | § | |

## FACTUAL RESUME

The defendant, Marcus Choice Williams, his attorney, Scott Palmer, and the

United States of America agree to the law and facts as follows:

## ELEMENTS OF THE OFFENSES

### COUNT I

Conspiracy to Transport Individuals for Prostitution
[Violation of 18 U.S.C. § 371 (18 U.S.C. § 2421)]

In order to prove the offense of Conspiracy to Transport Individuals for

Prostitution, as alleged in Count One of the Indictment, the government must prove each

of the following elements beyond a reasonable doubt:

> *First:*      That the defendant and at least one other person made an
> agreement to commit the crime of transportation for
> prostitution, as charged in the Indictment;

> *Second:*      That the defendant knew the unlawful purpose of the
> agreement and joined in it willfully, that is, with the intent

**Factual Resume- Page 1**

to further the unlawful purpose; and

*Third:*   That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Indictment, in order to accomplish some object or purpose of the conspiracy.

## COUNTS II - VII

Transportation of Individuals for Prostitution
[Violation of 18 U.S.C. §§ 2421 and 2]

In order to prove the offense of Transportation of Individuals for Prostitution, as alleged in Counts Two through Seven of the Indictment, the government must prove each of the following elements beyond a reasonable doubt:

*First:*   That the defendant knowingly transported an individual in interstate commerce, and

*Second:*   That at the time of such transportation the defendant intended that the person so transported would engage in prostitution or in any sexual activity for which any person can be charged with a criminal offense.

## COUNT VIII

Sex Trafficking By Force, Fraud or Coercion
[Violation of 18 U.S.C. §§ 1591 and 2]

In order to prove the offense of Sex Trafficking by Force, Fraud or Coercion, as alleged in Count Eight of the Indictment, the government must prove each of the following elements beyond a reasonable doubt:

*First:*   That the defendant knowingly recruited, enticed, harbored, transported or obtained a person whom the Defendant knew would be caused to engage in a commercial sex act;

*Second:*   That the defendant also knew either or both of the following:
(a)   that force, fraud, or coercion would be used to cause the person

**Factual Resume- Page 2**

> to engage in the commercial sex
> act; and/or

(b)       that the person was under 18 years
          of age; and

*Third:*          That the offense was in or affecting interstate commerce.

## COUNTS IX - X

Attempted Sex Trafficking by Force
[Violation of 18 U.S.C. § 1594 and 2]

In order to prove the offense of Attempted Sex Trafficking by Force, as alleged in Counts Nine and Ten of the Indictment, the government must prove each of the following elements beyond a reasonable doubt:

*First:*          That the defendant intended to commit sex trafficking by force; and

*Second:*       That the defendant did an act constituting a substantial step toward the commission of that crime which strongly corroborates the defendant's criminal intent.

## COUNT XI

Money Laundering
[Violation of 18 U.S.C. §§ 1956(a)(1)(A)(I) and 2]

In order to prove the offense of Money Laundering, as alleged in Count Eleven of the Indictment, the government must prove each of the following elements beyond a reasonable doubt:

*First:*          That the defendant conducted or attempted to conduct;

*Second:*       A financial transaction;

*Third:*          Knowing that the property involved in such a financial transaction represented the proceeds of some form of unlawful activity;

*Fourth:*        Which in fact involved the proceeds of specified unlawful activity; and

*Fifth:*      While acting with the intent to promote the carrying on of the specified unlawful activity.

## STIPULATED FACTS

MARCUS CHOICE WILLIAMS held himself out to be a "pimp" in the prostitution "game" and directly and/or indirectly transported, or aided and abetted the transportation, of individuals within interstate commerce. WILLIAMS operated an interstate prostitution business, headquartered in the Dallas, Texas area, in which he controlled and marketed young women to perform sexual acts with males (hereinafter "johns") in exchange for money. WILLIAMS had been operating as a "pimp" in the State of Texas since 2003 and had, in 2006, expanded his enterprise into a multi-state operation, including the web-sites www.PrivateBash.com and www.callgirlstogo.com. At all times relevant to the Indictment, co-defendant Kenya Thomas ("THOMAS"), was instructed by WILLIAMS to recruit new girls, monitor-answer-refer solicitations from the web-sites, and collect money on WILLIAMS' behalf.

WILLIAMS was arrested in the State of Maryland on July 6, 2006, and charged with two counts of prostitution and one count of operating a prostitution business. In an interview following his arrest, WILLIAMS admitted that he owned www.PrivateBash.com and declared that "there is nothing wrong with taking proceeds from an escort service." During a search of Williams' loft-apartment, Officer Nick Jerman recovered numerous receipts for hotel rooms, wire transfers, and airline travel.

The majority of the receipts were in the names of WILLIAMS, THOMAS and T.S., a prostitute who insists that her arrangement with WILLIAMS was a negotiated and mutually beneficial arrangement.

WILLIAMS' *modus operandi* was to recruit vulnerable women, specifically single mothers, from troubled backgrounds and, in some cases, to use a combination of deception, fraud, coercion, threats and physical violence to compel them to engage in prostitution. Although WILLIAMS has prostituted numerous women over the years, there are five sex trafficking victims named in the Indictment, all adult women who are single mothers of small children. Between May 2006 and August 2007, WILLIAMS advertised K.D., as well as C.L., T.S., THOMAS, R. R. and R.F., as escorts available for dating services in locations in and around Dallas, the District of Columbia, and Boston, Massachusetts. On multiple occasions, WILLIAMS transported these young women within interstate commerce to engage in commercial sex acts. WILLIAMS' illegal activities further affected interstate commerce through the use of cell phones, computers, the internet, hotels and rental cars.

WILLIAMS required each young woman to secure a daily quota of money and, if operating out of town, to transfer all of the money to him via money order and/or electronic wire, which he deposited into several bank accounts, including one in the name of "Redd2Salon." WILLIAMS also secured the services of a self-named "butler," co-defendant Preston Petitt ("PETITT"), who cooked, cleaned and provided au pair services

Factual Resume- Page 5

for WILLIAMS' and THOMAS' children, as well as the children of the women being prostituted by WILLIAMS. WILLIAMS made thousands of dollars in prostitution profits, while the young women he exploited through prostitution received little to no profit. However, after T.S. stopped working for WILLIAMS, his access to cash dwindled and he became desperate to recruit more girls. For a short time, THOMAS was the only girl available to WILLIAMS, therefore, although she ceased prostitution activity for a substantial time, she resumed her travel within interstate commerce for the purpose of prostitution on WILLIAMS' behalf. During that time, WILLIAMS began to use brute force in his attempts to recruit and obtain girls *women* to prostitute on his behalf.

In February of 2007, after having transported her to Boston in August of 2006 for the purpose of prostitution, WILLIAMS again approached R.F. about joining his prostitution business. When she refused, WILLIAMS beat R.F. violently, while insisting that she would work for him. R.F. suffered multiple bruises and lacerations as a result of the beating. Additionally, in June of 2007, after romantically courting E.H. for several months prior, WILLIAMS called E.H. to his home, where he instructed THOMAS and K.D. to inform E.H. about the joys and benefits of working as a prostitute. Upon dismissing THOMAS and K.D. from room, WILLIAMS violently beat E.H., in the presence of PETITT, and insisted that she would prostitute on his behalf.

During the month of July of 2007, WILLIAMS took K.D. to Washington, D.C., where she prostituted alongside THOMAS. PETITT accompanied them on the trip and

Factual Resume- Page 6

maintained custody and control of K.D.'s daughter, as well as the children of WILLIAMS and THOMAS, to ensure that the mothers were available to commit acts of prostitution in nearby hotels and, on occasion, in an adjoining hotel room.  After PETITT took the children and returned to Texas, K.D. continued prostituting for WILLIAMS, traveling with him to Boston by the end of July.  Upon arrival in Boston, and after learning that PETITT had returned her daughter to the home of the child's grandmother, K.D. escaped as WILLIAMS and THOMAS slept in the adjoining hotel room.   WILLIAMS then contacted PETITT and informed him that "the bitch blew."

Within days, WILLIAMS began to harass K.D. until finally she agreed to meet him for breakfast in a public place.  WILLIAMS declared that PETITT would pick her up and drive her to a neutral, public place where they would meet.  However, when PETITT picked K.D. up, he drove only a little way before he stopped to pick WILLIAMS up along the road.  After blocking K.D.'s attempt to exit the vehicle, WILLIAMS instructed PETITT to drive not to the planned location, but instead to WILLIAMS' home in Little Elm, TX, where WILLIAMS violently beat K.D., urinated on her and then choked her until she fainted.  WILLIAMS pulled a cord from the computer, placed it on K.D.'s vagina and threatened to electrocute K.D. through her vagina.  WILLIAMS also took a large knife and began to insert it into K.D.'s vagina before being encouraged by PETITT to stop. After sending her upstairs to bathe and change out of the urine soaked clothes, WILLIAMS called K.D. into the living room for a meeting with himself, THOMAS and

PETITT, and then he laid out their plan for continued success in the illegal transportation

for prostitution scheme.

As alleged in Count One of the indictment, WILLIAMS admits that he did

intentionally and knowingly combine, conspire, confederate, and agree together and with

WILLIAMS and THOMAS, and with others known and unknown, to transport

individuals within interstate commerce for the purpose of prostitution.  Further as alleged

in Counts Two through Seven of the Indictment, WILLIAMS admits that he transported

C.L., R.F., R.R. and K.D. within interstate commerce for the purpose of prostitution.  As

alleged in Count Eight of the Indictment, WILLIAMS admits that in or affecting

interstate commerce, he did recruit, entice, harbor, transports, provide or obtain by any

means K.D. knowing that force, fraud or coercion would be used to cause K.D. to engage

in a commercial sex act.  WILLIAMS admits that his conduct with respect to Count Eight

of the Indictment included the criminal sexual abuse and assault to commit criminal

sexual abuse and was committed knowingly by force and threat of force.  As alleged in

Counts Nine and Ten of the Indictment, WILLIAMS admits that in or affecting interstate

commerce, he did attempt to recruit, entice, harbor, transports, provide or obtain by any

means R.F. and E.H., knowing that force, fraud or coercion would be used to cause R.F.

and E.H. to engage in a commercial sex act.  Finally, as alleged in Count Eleven of the

Indictment, WILLIAMS admits that he conducted financial transactions knowing that the

property involved in said transactions represented and did in fact involve the proceeds of

unlawful activity, to wit, transportation for the purposes of prostitution.

Agreed to and signed this 15th day of March , 2011.

JAMES T. JACKS
UNITED STATES ATTORNEY

ERRIN MARTIN
Assistant United States Attorney
Texas State Bar No.24032572
1100 Commerce Street, Third Floor
Dallas, Texas  75242-1699
Tel:  214.659.8600
Fax: 214.767.4100

MYESHA K. BRADEN
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Patrick Henry Bld., 5th Floor
Washington, D.C. 20530
Tel:    202.305.1483
Fax:   202.514.8336

MARCUS CHOICE WILLIAMS
Defendant

SCOTT PALMER
Attorney for Defendant

Factual Resume- Page 10