IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.                                                    § | No. 3:09CR145-N |
| § | |
| MARCUS CHOICE WILLIAMS (1)      § | |
| a/k/a  "Cross Country Redd"     § | |
| a/k/a  "Redd"                   § | |
| a/k/a  "Marcus Choice"          § | |

**PLEA AGREEMENT**

The United States Attorney for the Northern District of Texas, the Criminal Section of the Civil Rights Division of the United States Department of Justice (collectively, "the government"), Marcus Choice Williams, and Scott Palmer, the defendant's attorney, agree as follows:

1. **Rights of the defendant**: Williams understands that he has the rights-

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

**Plea Agreement - Page 1**

2. **Waiver of rights and plea of guilty**: Williams waives these rights and pleads guilty to the offenses alleged in Counts One through Eleven of the Superseding Indictment, charging violations of 18 U.S.C. § 371 (18 U.S.C. § 2421), that is Conspiracy to Transport for the Purposes of Prostitution, 18 U.S.C. § 2421, that is, Transportation for the Purposes of Prostitution, 18 U.S.C. §§ 1591(a) and (b)(1), that is, Sex Trafficking by Force, Fraud, or Coercion, 18 U.S.C. § 1594 (18 U.S.C. § 1591), that is, Attempted Sex Trafficking by Force, Fraud, or Coercion, and 18 U.S.C. §§ 1956(a)(1)(A)(I) and 2, that is, Laundering of Monetary Instruments. Williams understands the nature and elements of the crimes to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose include:

As to Count One:

    a. imprisonment for a period not more than five years;

    b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim;

    c. a term of supervised release of at least two years, but not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If Williams violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d. a mandatory special assessment of $100; and

    e. restitution to victim or to the community, which is mandatory under the law, and which Williams agrees may include restitution arising

      from all relevant conduct, not limited to that arising from the offense of conviction alone;

As to Counts Two through Seven:

  a.   imprisonment for a period not more than ten years;

  b.   a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim;

  c.   a term of supervised release of at least two years, but not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If Williams violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

  d.   a mandatory special assessment of $100; and

  e.   restitution to victim or to the community, which is mandatory under the law, and which Williams agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

As to Count Eight:

  a.   imprisonment for a period not less than fifteen years and not more than life;

  b.   a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim;

  c.   a term of supervised release of at least three years, but not more than five years, which may be mandatory under the law and will follow any term of imprisonment. If Williams violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

  d.   a mandatory special assessment of $100; and

      e.    restitution to victim or to the community, which is mandatory under the law, and which Williams agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

As to Counts Nine and Ten:

      a.    imprisonment for a period of at least fifteen years but not more than life;

      b.    a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim;

      c.    a term of supervised release of at least three years, but not more than five years, which may be mandatory under the law and will follow any term of imprisonment. If Williams violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

      d.    a mandatory special assessment of $100; and

      e.    restitution to victim or to the community, which is mandatory under the law, and which Williams agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

As to Count Eleven:

      a.    imprisonment for a period not more than twenty years;

      b.    a fine not to exceed $500,000, or twice any pecuniary gain to the defendant or loss to the victim;

      c.    a term of supervised release of at least two years, but not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If Williams violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

      d.    a mandatory special assessment of $100; and

  e. restitution to victim or to the community, which is mandatory under the law, and which Williams agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone.

4. **Sentencing agreement**: Notwithstanding the statutory maximum penalties set forth in Paragraph 3 of this agreement, pursuant to Rule 11(c)(1)(c), **the parties agree that a prison term that is no more than 360 months is the appropriate custody disposition of the case. If the Court accepts this plea agreement, this custody limitation provision is binding on the Court. Other than the agreed sentencing maximum of a 360 months imprisonment, there are no other sentencing limitations and the Court remains free to determine the appropriate sentence, under the advisory United States Sentencing Guidelines.** Pursuant to Rule 11(c)(5), if the Court rejects this plea agreement, the Court shall afford Williams the opportunity to withdraw his plea and advise the defendant that, if he persists in his guilty plea, the Court is not bound by the plea agreement and the disposition of the case may be less favorable than that contemplated by the plea agreement.

5. **Mandatory special assessment**: Prior to sentencing, Williams agrees to pay to the U.S. District Clerk the amount of $1100.00, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's agreement**: Williams shall give complete and truthful information and/or testimony concerning his participation in the offenses of conviction. Upon demand, Williams shall submit a personal financial statement under oath and

submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.

7.  **Forfeiture**:  Williams agrees that all property, real or personal, constituting or derived from proceeds traceable to the offense alleged in Count One is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461. Williams agrees that all property, real or personal, used or intended to be used to commit or facilitate the commission of Counts Two through Seven and constituting or derived from any proceeds that he obtained, directly or indirectly, as a result of Counts Two through Seven is subject to forfeiture pursuant to 18 U.S.C. § 2428(a).  Williams agrees that all property, real or personal, used or intended to be used to commit or facilitate the commission of Counts Eight through Ten and constituting or derived from any proceeds that he obtained, directly or indirectly, as a result of Counts Eight through Ten is subject to forfeiture pursuant to 18 U.S.C. § 1594(d).  Williams agrees that all property, real or personal, involved in or traceable to property involved in Count Eleven is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1).  He waives all proprietary interest he holds in the aforementioned property ("the property") in any federal judicial forfeiture proceeding, whether criminal or civil or administrative, and agrees not to contest the seizure and forfeiture of the property.  He agrees to provide information and evidence necessary for the Government to effect the forfeiture of the property and to take all steps requested by the Government to pass clear title to the property to the Government,

including the execution of documents necessary to transfer title or any proprietary interest he holds in the property. He consents to the entry of orders of forfeiture for the property and waives the requirements of F.R.Crim.P. Rules 32.2 and 43(a) regarding forfeiture proceedings. He acknowledges he understands that the forfeiture of assets, substitute assets, and/or a money judgment is part of the sentence that may be imposed in this case and waives any requirement by the Court to advise him of this pursuant to Rule 11(b)(1)(J). He agrees to hold the Government, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the Property. He admits he is no longer in possession of the property and that due to his own acts or omissions, the property has been transferred or sold to, or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty and excessive expense.

8.    **Government's agreement**:   The government will not bring any additional charges against Williams based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending indictment and all superseding indictments. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other

federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Williams or any property.

9. **Violation of agreement**: Williams understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Williams for all offenses of which it has knowledge. In such event, Williams waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Williams also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Waiver of right to appeal or otherwise challenge sentence**: Williams waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Williams, however, reserves the rights (a) to bring a direct appeal of (I) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at

sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and © to bring a claim of ineffective assistance of counsel.

12. **Representation of counsel**: Williams has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Williams has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Williams has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 16th day of March, 2011.

JAMES T. JACKS
UNITED STATES ATTORNEY

_____
SARAH SALDAÑA
Deputy Criminal Chief

_____
ERRIN MARTIN
Assistant United States Attorney
Texas State Bar No.24032572
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 214.659.8600
Fax: 214.767.4100

_____
MYESHA K. BRADEN
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Patrick Henry Bld., 5th Floor
Washington, DC 20530
Tel: 202.305.1483
Fax: 202.514.8336

_____
MARCUS CHOICE WILLIAMS
Defendant

_____
SCOTT PALMER
Attorney for Defendant

Plea Agreement - Page 10

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____    3/15/2011
MARCUS CHOICE WILLIAMS            Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____    3/15/11
SCOTT PALMER                      Date
Attorney for Defendant